UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD PRUDEN, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 3:CV-07-1806 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| DR. HOLLOINHOLL, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## **MEMORANDUM**

## **BACKGROUND**

Plaintiff Ronald Pruden, an inmate confined at the Graterford State Corrrectional Institution ("SCI-Graterford") in Graterford, Pennsylvania, initiated this action *pro se* by filing a civil rights complaint under 42 U.S.C. § 1983.  Plaintiff subsequently filed an amended complaint (Doc. 6).  On November 5, 2007, Plaintiff filed a Motion to for Leave to Proceed *in forma pauperis* (Doc. 10).[1]  For the reasons set forth below, Plaintiff's complaint will be dismissed, without prejudice, pursuant to the screening provisions of 28 U.S.C. § 1915(g).

In his Amended Complaint, Plaintiff alleges that, in September 2007, Defendant "Doctor Hollinholl," a psychiatrist at SCI-Graterford, declared that Plaintiff is severely mentally disabled and that Plaintiff has an "irrational" belief that he has Parkinson's disease.  (Doc. 6 at 2).  Further, Plaintiff alleges that he has been assaulted for eight years

---

1. Plaintiff completed this Court's form application to proceed *in forma pauperis* and authorization to have funds deducted from his prison account.  On November 5, 2007, the Court issued an Administrative Order (Doc. 10) directing the Warden of SCI-Graterford to commenced deducting the full filing fee from Plaintiff's prison trust fund account.

of his life and for four years in the Restricted Housing Unit ("R.H.U."). (*Id.*) Plaintiff seeks the following relief, "Demand transfer;" Come and kill me;" "Vow to die." (*Id.* at 3.)

## DISCUSSION

Under § 1915(g), a federal civil action by a prisoner proceeding *in forma pauperis* is barred if he or she:

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has initiated the following civil actions which were dismissed either by this Court or by the Third Circuit Court of Appeals under 28 U.S.C. § 1915(e)(2)(B) as being frivolous: (1) *Pruden v. SCI-Camp Hill, et al*, Civil No. 3:07-CV-0604 (M.D. Pa. June 21, 2007) (complaint dismissed for failure to prosecute after Plaintiff failed to file amended complaint in compliance with Court Order), *appeal dismissed*, No. 07-3073 (3d Cir. October 30, 2007) (appeal dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)); (2) *Pruden v. Schuylkill County Prison Medical Staff, et al*, Civil No. 3:07-CV-0006 (M.D. Pa. February 6, 2007) (complaint seeking injunctive relief as to conduct occurring at prisons other than Plaintiff's current place of incarceration dismissed as moot), *appeal dismissed*, No. 07-3072 (3d Cir. November 6, 2007) (appeal dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)); (3) *Pruden v. Department of Corrections*, Civil No. 3:07-CV-0768 (M.D. Pa. May 15, 2007) (complaint dismissed *sua sponte* as frivolous), *appeal dismissed*, No. 07-3074 (3d Cir. October 4, 2007)(appeal dismissed for lack of jurisidiction because Plaintiff filed appeal beyond time prescribed by Fed. R. App. P. (4)(a)(1)(A)).

The "imminent danger" exception to 1915(g)'s "three strikes" rule clearly is inapplicable in this case. The Third Circuit Court of Appeals has concluded that the requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001)(en banc), *cert. denied*, 533 U.S. 953 (2001). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Plaintiff does not allege that he is in any danger of serious physical injury, but rather makes a general allegation that he has been assaulted for eight years. (Doc. 6 at 2.) Further, his allegation that Defendant diagnosed him with a severe mental disability does not implicate the "imminent danger" exception. Thus, pursuant to the standards announced in §1915(g), Plaintiff's present civil rights action is barred under §1915(g). An appropriate Order will follow.


March 17, 2008                                              s/ A. Richard Caputo
                                                            A. RICHARD CAPUTO
                                                            United States District Judge

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD PRUDEN, :
:
       Plaintiff, : CIVIL NO. 3:CV-07-1806
:
v. : (Judge Caputo)
:
DR. HOLLOINHOLL, *et al.*, :
:
       Defendants. :

## ORDER

**AND NOW, THIS 17th DAY OF MARCH, 2008**, in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT**:

    1.    Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 8) is **DENIED** as moot.

    2.    Plaintiff's Complaint is dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(g).

    3.    The Administrative Order (Doc. 10) is **VACATED**.

    4.    The Clerk of Court is directed to close this case.

    5.    Any appeal from this Order will be deemed frivolous and not taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).

                        s/ A. Richard Caputo
                        A. RICHARD CAPUTO
                        United States District Judge